**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:12-CR-440-RCJ-(GWF) |
| ) | |
| KIMBERLY FLORES, ) | |
| ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This Court finds that on July 7, 2014, defendant KIMBERLY FLORES pled guilty to Count One of a Three-Count Indictment charging him with Conspiracy to Conduct or Participate in an Enterprise Engaged in a Pattern of Racketeering Activity in violation of Title 18, United States Code, Sections 1029(a), 1343, 1344, 1952(a)(1) and (a)(3), and 1962(c) and (d); Title 21, United States Code, Sections 841(a)(1) and 846; and Nevada Revised Statute 201.354. Indictment, ECF No. 1; Change of Plea, ECF No. 172; Plea Agreement, ECF No. __.

This Court finds defendant KIMBERLY FLORES agreed to the forfeiture of the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Indictment. Indictment, ECF No. 1; Bill of Particulars, ECF No. 92; Change of Plea, ECF No. 172; Plea Agreement, ECF No. __.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement, the Bill of Particulars,

. . .

and the Forfeiture Allegation of the Indictment and the offense to which defendant KIMBERLY FLORES pled guilty.

The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), (a)(3), and (m); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p):

1. Twenty-five thousand eight hundred seventy-three dollars and ten cents ($25,873.10) in United States Currency; and

2. Seven thousand dollars ($7,000.00) in United States Currency

(all of which constitutes "property").

As part of the United States' plea agreement with co-defendant Charles Horky, the United States has agreed to compromise, settle and waive its demand for a monetary judgment in the sum of five million two hundred thousand dollars ($5,200,000.00) if Charles Horky pays seven hundred fifty thousand dollars ($750,000.00) in United States Currency in the form of a cashier's check payable to the United States Marshals Service and delivered to the Federal Bureau of Investigation prior to his sentencing hearing. If Charles Horky fails to forfeit, tender and pay these sums prior to his sentencing hearing, he has agreed to criminal forfeiture of an in personam money judgment in the sum of five million two hundred thousand dollars ($5,200,000.00) in United States Currency. In that event, defendant Kimberly Flores knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property which shall be applied toward that money judgment:

1. One (1) stainless steel Rolex Oyster Perpetual Date Submariner, black dial and bezel, 40mm, Movement #31867604, Model #16610 T, Serial Z840628, 134 grams;

2. One (1) 18k yellow gold IWC Schaffhausen chronograph automatic wristwatch with leather, stamped on back 2684354 INTERNATIONAL WATCH CO., two sub dials, 41 mm case, 104.6 grams;

. . .

3.  One (1) 18k yellow gold Rolex Oyster Perpetual Superlative Chronometer Cosmograph Daytona wristwatch and band, Serial #K258882, Model #116528, Band #78498, movement #C 0255271, white dial with three white sub dials having gold bezels, 39mm case, 179.3 grams;

4.  One (1) 18k yellow gold Cartier Pasha Chronograph date wristwatch with leather band with 18k fold-over hidden clasp, Case #319453MG, presentation back, 38.4mm case, white dial with three sub dials and date, 108.8 grams;

5.  One (1) stainless steel Girard-Perregaux Ferrari Chronograph wristwatch with leather band, stamped on back with Girard-Perregaux, Ferrari, AN 853 Ref 8020, Manufacture specialement pour FERRARI, black dial with prancing horse, three black sub dials and a date window, luminous hour markers and hands, 38mm case, 72.8 grams; and

6.  Any and all ownership interest that defendant may hold in CLS Nevada, LLC, and any licenses, certificates or medallions held or used by CLS or any affiliated persons, agents or entities.

(all of which constitutes "property").

Provided that defendant Charles Horky forfeits, tenders and pays $750,000.00 in United States currency in settlement of the forfeiture as set forth above, the United States will not seek forfeiture of substitute assets, including the licenses, certificates or medallions held or used by defendant, CLS, or any affiliated persons, agents or entities, and the United States will not take any position with the Nevada Transportation Authority regarding the sale of such licenses, certificates or medallions. (This provision does not bar the United States from providing information upon lawful request of government agencies, regulatory authorities, pursuant to subpoenas, pursuant to proper Freedom of Information Act requests, etc.)

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of KIMBERLY FLORES in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

4

Daniel D. Hollingsworth
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

Dated:  July 15, 2014.

_____
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I, Heidi L. Skillin, Forfeiture Support Associates Paralegal, certify that the following individuals were served with copies of the Preliminary Order of Forfeiture on July 9, 2014, by the below identified method of service:

<u>Electronic Filing</u>

David Z. Chesnoff
Richard A. Schonfeld
520 South Fourth Street
Las Vegas, NV 89101
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
*Counsel for Charles Horky*

Craig W. Drummond
228 South Fourth Street, First Floor
Las Vegas, NV 89101
craig@drummondfirm.com
*Counsel for Kimberly Flores*

Carter R. King
524 Holcomb Avenue
Reno, NV 89502
carterkinglaw@gmail.com
*Counsel for Archie Granata*

Richard B. Herman
445 Park Avenue, Tenth Floor
New York, NY 10022
rbh@richardbherman.com
*Counsel for Archie Granata*

Gabriel Grasso
9525 Hillwood Drive, Suite 190
Las Vegas, NV 89134
Gabriel@grassodefense.com
*Counsel for Dawit Moszagi*

Jeannie N. Hua
530 South Eighth Street
Las Vegas, NV 89101
jeanniehua@aol.com
*Counsel for Solomon Zemedhun*

Marc A. Saggese
732 South Sixth Street, Suite 201
Las Vegas, NV 89101
marc@maxlawnv.com
*Counsel for Clarence Adams*

Todd M. Leventhal
626 South Third Street
Las Vegas, NV 89101
todlev@yahoo.com
*Counsel for James Reda*

Angela H. Dows
1333 North Buffalo Drive, Suite 210
Las Vegas, NV 89128
adows@premierlegalgroup.com
*Counsel for Mikhail Maleev*

Melanie A. Hill
9345 West Sunset Road, Suite 100
Las Vegas, NV 89148
Melanie@MelanieHillLaw.com
*Counsel for Olive Toli*

Russell M. Aoki
720 Olive Way, Suite 1525
Seattle, WA 98101
russ@aokilaw.com
*PRO SE*

   /s/ Heidi L. Skillin
HEIDI L. SKILLIN
Forfeiture Support Associates Paralegal